FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 11 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00383-BNB

KEN KENYATTA WILSON, by his next friend KATHERINE WILSON,

    Petitioner,

v.

BLAKE R. DAVIS, ADX Warden,

    Respondent.

## ORDER OF DISMISSAL

Petitioner, Ken Kenyatta Wilson, has submitted through his next friend and mother, Katherine Wilson, a "Habeas Corpus Petition to Correct, Set Aside, or Vacate Sentence by a Federal Prisoner in Federal Custody Under 28 USC 2241; 18 USC 4245(a) & 4247; 28 CFR 549.40-43; Vitek v. Jones, 445 US 480, 483-84 (1980)." In an order filed on March 2, 2011, Magistrate Judge Boyd N. Boland directed Petitioner to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Petitioner to file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the proper form and either to pay the filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Magistrate Judge Boland also ordered Ms. Wilson to show cause why she should be allowed to prosecute this action as Petitioner's next friend. Petitioner was warned that the action would be dismissed without further notice if he failed to cure the deficiencies or if Ms. Wilson failed to show cause within thirty days.

On March 10, 2011, the filing fee for this habeas corpus action was paid in full. On March 18, 2011, Ms. Wilson filed a response seeking to show cause why she should be allowed to prosecute this action as Petitioner's next friend. On March 28, 2011, Ms. Wilson filed another copy of the response previously filed on March 18 with one less exhibit attached. Although her response is not entirely clear, Ms. Wilson apparently contends that she should be allowed to proceed as Petitioner's next friend because Petitioner lacks the mental capacity to prosecute this action himself. Ms. Wilson also asks the Court to appoint counsel to represent Petitioner and, if counsel is not appointed, to grant an additional sixty days to cure any remaining deficiencies.

The Court notes initially that Petitioner has failed to cure all of the deficiencies within the time allowed because he has failed to file on the proper form an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as directed. With respect to Petitioner's request for appointment of counsel, the Court notes that there is no constitutional right to the appointment of counsel in a habeas corpus case. *See Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994) (discussing the appointment of counsel in a habeas corpus case under 28 U.S.C. § 2254). Although the Court has discretion to appoint counsel, the Court declines to do so in the instant action because the specific claims for relief Petitioner is asserting are not clear. The Court also will not grant Ms. Wilson's request for additional time to cure the deficiencies because, as discussed below, the Court finds that Ms. Wilson has failed to show good cause why she should be allowed to prosecute this action as Petitioner's next friend.

An application for a writ of habeas may be "signed and verified by the person for

2

whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242 (1994). However, standing under § 2242 is not granted automatically to everyone seeking to proceed on another's behalf. See *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The Supreme Court has identified two requirements that must be met to have standing to litigate a habeas corpus action on behalf of another person under § 2242. *Id.* These requirements are:

> First, a "next friend" must provide an adequate explanation - such as inaccessibility, mental incompetence, or other disability - why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate.

*Id.* In addition to these two prerequisites, it has been suggested that a "next friend" must have some significant relationship with the real party in interest. *Id.* at 163-64.

Ms. Wilson describes Petitioner as a paranoid schizophrenic and she alleges that he was committed involuntarily in 2003 and 2006 in two civil actions in the United States District Court for the Western District of Missouri. Ms. Wilson also alleges that Petitioner "is being held incommunicado by ADX Florence and he has been illegally sanctioned to a loss of the rights/privileges of legal books, legal copies, legal postage, commissary, food, mail, property, radio, recreation, telephone, television and visitation until 2019." (Doc. #6 at 1.) The Court notes, however, that Petitioner represented himself in another action filed in the District of Colorado after the involuntary commitments. See *Wilson Fed. Bureau of Prisons*, No. 07-cv-00682-WDM-MEH (D. Colo. Dec. 21, 2007). Furthermore, the envelope in which the instant petition was received demonstrates that Petitioner himself initiated this action by mailing the petition

to the Court.

In any event, even if Ms. Wilson could demonstrate that Petitioner is unable to appear on his own behalf to prosecute this action, she may not act as Petitioner's next friend in this action because she is not represented by counsel. **See Meeker v. Kercher**, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) (holding that a minor child cannot bring suit through a parent acting as next friend unless the parent is represented by counsel). Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies and because Ms. Wilson has failed to show good cause for why she should be allowed to prosecute this action as Petitioner's next friend. Accordingly, it is

ORDERED that the habeas corpus petition is denied and the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Petitioner failed to cure the deficiencies as directed and because Ms. Wilson lacks standing to prosecute this action as Petitioner's next friend.

DATED at Denver, Colorado, this __11th__ day of __April__, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00383-BNB

Ken Kenyatta Wilson
Reg. No. 34467-060
ADX Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 11, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk